**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2023 IL App (3d) 210352-U

Order filed January 27, 2023

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2023

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 10th Judicial Circuit, Peoria County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-21-0352 Circuit No. 07-CF-111 |
| | ) | |
| JACKIE LEE WILLIAMS, | ) ) | Honorable Katherine S. Gorman, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE ALBRECHT delivered the judgment of the court.
Justice Davenport concurred in the judgment.
Justice McDade dissented.

_____

**ORDER**

¶ 1     *Held*:   The court did not err by summarily dismissing defendant's postconviction petition.

¶ 2     Defendant, Jackie Lee Williams, appeals the first-stage dismissal of his postconviction petition. He argues that the Peoria County circuit court erred by dismissing the petition because he stated the gist of a claim that his sentence violates the proportionate penalties clause of the Illinois Constitution. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4          A jury found defendant guilty of first degree murder (720 ILCS 5/9-1(a)(3) (West 2006))

and attempted armed robbery (*id.* § 8-4, 18-2(a)(2)). It also found that the State failed to prove

that defendant was armed with or personally discharged a firearm that proximately caused the

death of another person. Defendant's sentencing range was between 20 and 60 years'

imprisonment. The presentence investigation report, which the court considered in making its

ruling, indicated that defendant was 21 years old at the time of the offense. The court sentenced

defendant to 50 years' imprisonment. Defendant appealed, arguing that there were several

evidentiary errors, the evidence was insufficient, and his sentence was unconstitutional.

Regarding his sentence, defendant argued that the court should have considered scientific

developments regarding the development of the young adult brain prior to imposing his sentence.

This court affirmed and determined that the record was not sufficiently developed to address

defendant's constitutional challenge to his sentence. *People v. Williams*, 2020 IL App (3d)

170124-U, ¶¶ 87, 89.

¶ 5          Defendant filed, as a self-represented litigant, a postconviction petition. As relevant here,

he argued that his sentence violates the proportionate penalties clause of the Illinois Constitution

as applied to him because the court did not consider the current factors in juvenile sentencing. He

argued that scientific research has shown that the brain does not finish developing until the mid-

twenties, young adults are similar to adolescents, and that an individual's upbringing can

contribute to his maturity and brain development. Defendant argued that he was found guilty

under an accountability theory, his prior armed robbery was committed as a juvenile, he was

raised by his grandmother as his parents were in and out of prison, he "was born with cocaine

abuse" in prison, he attended learning and behavior disability classes at school, he had a ninth

2

grade education, he was incarcerated at the age of 17, and, at 21 years old—his age when he committed the instant offenses—he had the mental age of a 15- or 16-year-old. Defendant further argued that his 50-year sentence is a *de facto* life sentence. The court dismissed the petition as frivolous and patently without merit. Defendant appeals.

¶ 6                                                    II. ANALYSIS

¶ 7        Defendant argues that the circuit court erred by dismissing his postconviction petition as frivolous and patently without merit. He argues that the supreme court has not foreclosed the possibility that a *de facto* life sentence may violate the proportionate penalties clause as applied to an offender over the age of 18. He further argues that the supreme court did not establish a maximum age at which the claims would be cognizable and the court in *People v. Savage*, 2020 IL App (1st) 173135, ¶¶ 63, 67, 76, held that the defendant's petition was not frivolous and patently without merit when the defendant, who was 21 years old at the time of the murder, raised an as-applied proportionate penalties challenge to a *de facto* life sentence. He argues that unless the supreme court holds otherwise, it cannot be said that his legal theory is indisputably meritless. Defendant also argues that there is a factual basis for his claim.

¶ 8        The Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2018)) provides a process for a criminal defendant to assert that his conviction resulted from a substantial denial of his rights under the United States Constitution, the Illinois Constitution, or both. *People v. Hodges*, 234 Ill. 2d 1, 9 (2009). Defendant need only state the "gist" of a constitutional claim at the first stage. *Id.* The petition may be summarily dismissed at the first stage of proceedings if it is frivolous or patently without merit, such that it "has no arguable basis either in law or in fact." *Id.* at 16. "A petition which lacks an arguable basis either in law or in fact is one which is based on an indisputably meritless legal theory or a fanciful factual allegation." *Id.*

¶ 9      As stated in *People v. Humphrey*, 2020 IL App (1st) 172837, ¶ 33, defendant "can point to no case in which an Illinois court has recognized that a life sentence imposed on a young adult—21 or older as [defendant] was—is unconstitutional as applied to that offender under the proportionate penalties clause or the eighth amendment." The *Humphrey* opinion went on to explain that

> "While 21 is undoubtedly somewhat arbitrary, drawing a line there is in keeping with other aspects of criminal law and society's current general recognition that 21 is considered the beginning of adulthood. In Illinois, a person under the age of 21 when he or she commits first degree murder is now eligible for parole review after serving 20 or more years of his or her sentence. 730 ILCS 5/5-4.5-115 (West Supp. 2019). The Illinois legislature has also prohibited the sale of nicotine and tobacco products to persons under 21 (720 ILCS 675/1 (West Supp. 2019)), prohibited the sale of alcohol products to persons under 21 (235 ILCS 5/6-16 (West 2016)); and made possession of a firearm by those under the age of 21 an aggravating factor for aggravated unlawful use of a weapon (720 ILCS 5/24-1.6(a)(1), (a)(3)(I) (West 2016))." *Id.* ¶ 34.

Nearly all opinions are in agreement with *Humphrey* that the young adult sentencing claims are limited to those under 21 years of age.

> "*Humphrey* is consistent on this issue with nearly every other case from our appellate court. See *People v. Kruger*, 2021 IL App (4th) 190687, ¶ 32 ('We agree with the *Humphrey* court limiting *Miller*-based claims to those young adults aged 18 to 20.'); *People v. Green*, 2022 IL App (1st) 200749, ¶ 42 ('[D]efendant was 21 years old at the time of the offense, and therefore was an adult for

4

purposes of a *Miller* claim.'); *People v. Suggs*, 2020 IL App (2d) 170632, ¶ 35 (noting that the defendant could not 'point to any line, societal, legal, or penological, that is older than 21 years'); *People v. Glinsey*, 2021 IL App (1st) 191145, ¶ 46 (noting that 'our state's statutes and caselaw treat young adults under 21 years of age differently than adults'); *People v. Rivera*, 2020 IL App (1st) 171430, ¶ 27 (recognizing that *Miller* protections 'have been arguably extended in some cases and statutes to under-21-year-olds,' but that any further extension 'should be made by our legislature or our highest court'); *People v. Williams*, 2021 IL App (1st) 190535, ¶ 35 (rejecting a 22-year-old defendant's proportionate penalties claim because it could not be said that 'the legislature's decision to define adulthood as being 21 years old or older shocks the moral sense of the community')." *People v. Montanez*, 2022 IL App (1st) 191930, ¶ 56.

See also *People v. Guerrero*, 2022 IL App (1st) 210400, ¶ 29 ("This court, in cases decided after *Savage*, has drawn a line for 'young adult offenders' ending at 21 years of age."); *People v. Everett*, 2022 IL App (1st) 201169, ¶ 40 ("While our legislature has acknowledged the greater capacity for rehabilitation in young adults, and recent statutory enactments reflect the significant weight given to this factor, a clear line is drawn at 21 years of age.").

¶ 10    In line with this precedent, we conclude that because defendant was 21 years of age at the time of the offense, he was an adult, and his proportionate penalties claim has no basis in law. As other courts have indicated, there is no legal, societal, or penological support for extending the juvenile protections to young adults 21 years of age or older. See *Suggs*, 2020 IL App (2d) 170632, ¶ 35 ("[S]ociety has drawn lines at ages 18 and 21 for various purposes. Defendant cannot point to any line, societal, legal, or penological, that is older than 21 years."). Therefore,

5

the court did not err in summarily dismissing defendant's postconviction petition at the first stage.

¶ 11        Defendant cites to *Savage* as support for his claim, but *Savage* did not conclude that an offender who was 21 years of age or older stated a valid proportionate penalties claim, rather it determined that the claim was not frivolous. *Savage*, 2020 IL App (1st) 173135, ¶ 76. We disagree with the determination that such a claim is not frivolous. As we are not bound to follow that decision, (see *People v. McKee*, 2017 IL App (3d) 140881, ¶ 33), we decline to do so and instead, we follow the abundance of authority cited above (*supra* ¶ 9) recognizing that juvenile sentencing protections do not apply to those who are 21 years or older at the time they commit an offense.

¶ 12                                    III. CONCLUSION

¶ 13        The judgment of the circuit court of Peoria County is affirmed.

¶ 14        Affirmed.

¶ 15        JUSTICE McDADE, dissenting:

¶ 16        The majority reaches its holding on the basis that a bright-line age limit of 21 years applies to young adult, *Miller*-based, as-applied proportionate penalties sentencing challenges. Because I believe there is no persuasive rationale underlying the bright-line age limit, I respectfully dissent.

¶ 17        Sentencing decisions are generally based, at least in part, on the individual characteristics and background of a defendant and the nature and circumstances of the crime. See, *e.g.*, 730 ILCS 5/5-4-1(a) (West 2016) (providing that during the sentencing hearing, the court shall consider the evidence at trial, the presentence report and evidence in mitigation and aggravation); *id.* § 5-3-2(a) (requiring a presentence report to include various information about defendant,

6

including his criminal/delinquency history, mental history, family situation and background, education, as well as information concerning the effect on the victim, available resources to help with defendant's rehabilitation, and defendant's status since his arrest). The focus on the individual characteristics of a defendant and his potential rehabilitative potential is heightened when a defendant makes an as-applied proportionate penalties (see Ill. Const. 1970, art. I, § 11) challenge to his sentence because such challenges "are dependent on the specific facts and circumstances of the challenging party." *People v. House*, 2021 IL 125124, ¶ 27. Therefore, an as-applied proportionate penalties challenge depends on a review of and inquiry into the personal mental, psychological, cultural, and educational history of defendant as it bears on his rehabilitative potential. In this regard, the inquiry is inherently *sui generis* or unique to each individual defendant and, thus, ill-suited for a bright-line age cut-off. As the *sui generis* nature of the analysis has long been implicit in the proportionate penalties clause of our constitution, it should inform the way we approach these cases and lead to a conclusion that a bright-line age limit is not appropriate.

¶ 18      Further, while no one could dispute that a strict age cut-off would make our jobs easier, there is no principled argument that such an arbitrary boundary is consistent with the ever-evolving scientific knowledge on young adult brain development. Recognized and reputable science has shown that the various relevant factors noted above impact each person in an individualized manner both up to and beyond the age of 21. Therefore, the determination of whether individual traits indicate a defendant's sentence should be adjusted based upon rehabilitative potential demands a case-by-case analysis based on evidence and present scientific research rather than an arbitrary bright-line age limit. To advance that theory is certainly not frivolous.

7

¶ 19　　　　　Additionally, if we accept the factual allegations of defendant's petition as true, as we must (see *People v. Allen*, 2015 IL 113135, ¶ 25), it is clear he has stated a cognizable and tenable factual basis for relief. Specifically, his petition alleged that due to his mental deficits and certain circumstances of his upbringing, which he detailed, he was functioning at the mental level of a 15- or 16-year-old at the time of the offense. Surely his allegations in this regard are sufficient to state an arguable claim under the low threshold applicable to first-stage petitions. Thus, I would find that because defendant's claim has an arguable basis in law and fact, it cannot be frivolous. I would reverse and remand for second-stage proceedings and I respectfully dissent from the majority's contrary decision.